# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5836** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION "F" (1)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Carlos Jackson, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the City of New Orleans, Sergeant Nicole Barbe, Detective Ray Jones, Detective Jehan Senanayake, and Orleans Parish District Attorney Leon Cannizzaro. In this lawsuit, plaintiff claims that he was falsely arrested on February 18, 2009, for allegedly attempting to sell a bag of Tylenol as cocaine. He alleges that the charge was completely baseless and that the arresting officers were aware that the purported transaction never occurred. He further alleges that he was acquitted of the charge at trial.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).  Because plaintiff was incarcerated when the action was filed, he remains subject to § 1915A despite his subsequent release. Rackley v. Gusman, Civ. Action No. 08-825, 2009 WL 159170, at *1 n.1 (E.D.La. Jan. 16, 2009); Brown v. Jacobson, 98-CIV-0565-LBS, 1999 WL 1125122, at *5 (S.D.N.Y. Dec. 8, 1999); Johnson v. Hill, 965 F.Supp. 1487, 1488 n.2 (E.D. Va. 1997).

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] and fully considering his testimony at the Spears hearing held on October 22, 2009,[3] the Court nevertheless finds that, for the following

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

reasons, the claims against the City of New Orleans and Orleans Parish District Attorney Leon Cannizzaro should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## City of New Orleans

Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny, it is clear that under some circumstances a municipality may be held liable for the constitutional violations committed by its employees. However, regarding such Monell claims, the United States Fifth Circuit Court of Appeals has noted:

> In Monell, the Supreme Court held that municipalities and other local government bodies are "persons" within the meaning of § 1983. The Court said that municipalities cannot be held liable for constitutional torts under § 1983 on a *respondeat superior* theory, but they can be held liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Tortious conduct, to be the basis for municipal liability under § 1983, must be pursuant to a municipality's official policy. This requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible. In other words, the act of the municipality is the act only of an authorized policymaker or of an employee following the policymaker's lead.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470-71 (5th Cir. 1999) (quotation marks, textual alterations, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant

4

case, plaintiff does not even allege that his false arrest stemmed from an official policy or custom of the City of New Orleans, much less identify such a policy or custom. Accordingly, plaintiff's Monell claim against the city necessarily fails.

Orleans Parish District Attorney

Plaintiff has also named as a defendant Orleans Parish District Attorney Leon Cannizzaro. Regardless of whether plaintiff is suing Cannizzaro in his individual capacity, his official capacity, or both, the claim against him is likewise subject to dismissal.

As to any claim against Cannizzaro in his individual capacity, that claim is barred by his absolute prosecutorial immunity. Prosecutorial immunity protects Cannizzaro against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claims against Cannizzaro in his individual capacity relate to his actions taken in prosecuting the criminal charges, he is protected by absolute immunity.[4]

---

[4] The Court notes that it is unlikely that Cannizzaro personally took any action with respect to plaintiff's case; however, even assuming Cannizzaro was personally involved, he is entitled to absolute prosecutorial immunity. To the extent that plaintiff is simply seeking to hold Cannizzaro liable for the actions of his subordinates, such supervisory liability is not recognized in federal civil rights actions. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of her subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

To the extent that plaintiff may have intended to name Cannizzaro in his official capacity, that claim likewise fails. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). Again, as previously noted:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Because plaintiff does not allege that he suffered a constitutional violation resulting from an identified official policy or custom of the Orleans Parish District Attorney's Office, no official-capacity claim against Cannizzaro has been properly stated.

## Remaining Defendants

Based on the allegations of the complaint and plaintiff's testimony at the Spears hearing, the Court finds that plaintiff has stated a nonfrivolous false arrest claim against Sergeant Nicole Barbe, Detective Ray Jones, and Detective Jehan Senanayake. Accordingly, at least at this point, the claims against those defendants should be allowed to proceed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the City of New Orleans and Orleans Parish District Attorney Leon Cannizzaro be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of October, 2009.

                                        **SALLY SHUSHAN**
                                        **UNITED STATES MAGISTRATE JUDGE**