# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS JACKSON | CIVIL ACTION |
| VERSUS | NO. 09-5836 |
| CITY OF NEW ORLEANS, ET AL. | SECTION "F" (1) |

## REPORT AND RECOMMENDATION

Plaintiff, Carlos Jackson, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the City of New Orleans, Sergeant Nicole Barbe, Detective Ray Jones, Detective Jehan Senanayake, and Orleans Parish District Attorney Leon Cannizzaro. In this lawsuit, plaintiff claimed that he was falsely arrested on February 18, 2009, for allegedly attempting to sell a bag of Tylenol as cocaine.

On November 24, 2009, plaintiff's claims against the City of New Orleans and Orleans Parish District Attorney Leon Cannizzaro were dismissed with prejudice as frivolous and/or for failing to state a claim on which relief may be granted.[1] The Court now recommends that plaintiff's remaining claims be dismissed for failure to prosecute.

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable on November 30, 2009.[2]

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 16. A subsequent mailing was also returned as undeliverable. Rec. Doc. 18.

Moreover, plaintiff has not notified this Court of his current address, despite clearly being aware of his duty to do so. The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are

---

[3] Rec. Doc. 4, p. 4.

unknown, and this Court has no way to schedule a conference in this matter or to otherwise advance his case on the docket.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's remaining claims against Sergeant Nicole Barbe, Detective Ray Jones, and Detective Jehan Senanayake be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this fifth day of January, 2010.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.